O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7503 AHM (JCx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | JAMES v. AURORA LOAN SVCS., LLC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On October 14, 2010, the Court ordered[1] Defendant Aurora Loan Services to show cause why this action should not be remanded to state court. Defendant filed the requested response[2] on October 21, 2010, requesting removal and claiming Plaintiff has "*invited* federal jurisdiction via heavy reliance on the National Bank Act of 1864 throughout the First Amended Complaint."[3] Def.'s Response to Order to Show Cause, at 1 (emphasis in original).

To determine if questions of federal law predominate, a court must examine whether the "state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

Here, questions of federal law do not predominate. Instead, the Complaint is dominated by state law claims, including a stay of execution of a Non Judicial Trustee's sale, fraud under Cal. Civ. Code § 1572, a request for a subpoena ducus tecum under Cal. Code of Civil P. § 2030.050, unfair business practices under Cal. Bus. & Prof. Code §§ 17200 et seq., and quiet title. Compl. at 13, 14, 16-17, & 21. The mere mention of the National Banking Act throughout the introduction to the Complaint, Compl. at 1-9, is not

---

[1] Docket No. 12.

[2] Docket No. 16.

[3] There is only one complaint in this matter. Plaintiff has not filed a First Amended Complaint.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7503 AHM (JCx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | JAMES v. AURORA LOAN SVCS., LLC., et al. | | |

a sufficient basis for this court to find that Plaintiff's causes of action arise under federal law. *See, e.g., California v. H&R Block, Inc.*, No. C06-2058-SC, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006) (incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law). In fact, in the setting forth his causes of action, Plaintiff does not even mention the National Banking Act. Compl. at 9-21.

Even assuming that Plaintiff's mention of the National Banking Act in the introduction to the Complaint constitutes the raising of a federal issue, the mere mention of the National Banking Act, where all of Plaintiff's claims are state law-based claims, does not reach the level of substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").

Accordingly, the Court REMANDS this action to state court. The Court also dismisses Defendant's Motion[4] to Dismiss as moot.

It is so ORDERED.

**JS-6**

: 

Initials of Preparer      SMO

---

[4]Docket No. 13.